UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY THORPE,<br><br>Plaintiff,<br><br>v.<br><br>ROSEMARIE CIPPARULO, ESQ., WEISSMAN & MINTZ, LLC,<br><br>Defendants. | Civil Action No. 23-3590 (RK) (RLS)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Judy Thorpe's ("Plaintiff") application to proceed *in forma pauperis*, (ECF No. 1-1), together with her Complaint, (ECF No. 1). For the reasons explained below, Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and Plaintiff's Complaint is **DISMISSED** with prejudice.

**I.     BACKGROUND**

Plaintiff's Complaint—received along with her application to proceed *in forma pauperis* ("IFP") on July 5, 2023, ("Compl.," ECF No. 1)—is framed as an appeal from a court proceeding in New Jersey. Plaintiff alleges she was wrongfully terminated from her nursing job in 2008. (*Id.* ¶ 18.) Plaintiff's claim for wrongful termination was arbitrated, in which Plaintiff alleges she was represented by federal Defendants Rosemarie Cipparulo and her firm Weissman & Mintz, LLC (together, "Defendants"). (*Id.* ¶ 19.) Plaintiff alleges that Defendants committed malpractice in representing her during the arbitration, and Plaintiff filed a lawsuit against Defendants in the New Jersey Superior Court, Law Division, Monmouth County on February 10, 2016. (*Id.* ¶ 20.) In July 2020, the state trial court granted Defendants' motion for summary judgment and dismissed the

complaint, and Plaintiff appealed to the New Jersey Superior Court, Appellate Division, which affirmed the dismissal on May 17, 2022. (*Id.* ¶ 21.)[1] Plaintiff filed a petition for certification for the Supreme Court of New Jersey, but the petition was denied on January 10, 2023. (*Id.*)[2]

Plaintiff's federal suit alleges that the state court's decision "reflects irregularities and oversights regarding the record on Plaintiff's case, which would justify a newly considered ruling." (*Id.* ¶ 22.) Specifically, the Complaint seeks this Court to "review the inadequate and/or faulty reasoning underlying" the Appellate Division's affirmance of the trial court's dismissal, based on its finding that no attorney-client relationship existed between Plaintiff and her attorneys. (*Id.* ¶ 25 (emphasis omitted).) The Complaint summarizes perceived flaws in the state court's reasoning. (*Id.* ¶¶ 26–37.) Plaintiff concludes by "respectfully request[ing] that the [state court's] decision be reviewed." (*Id.* ¶ 38.) The Complaint invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1257(a), which permits appeals from the decision of the highest court of a state to the United States Supreme Court. (*Id.* ¶ 8.)

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed IFP and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts,"

---

[1] The Superior Court, Appellate Division and New Jersey Supreme Court decisions are available through commercial reporters. *See Thorpe v. Cipparulo*, No. A-0418-20, 2022 WL 1553713 (N.J. Super. Ct. App. Div. May 17, 2022), *cert. denied*, 286 A.3d 1184 (N.J. 2023). The Superior Court's decision states that it was affirming the trial court's decision to grant Defendants' "motion for summary judgment, and dismissing [Plaintiff's] complaint alleging legal malpractice." *Id.* at *1.

[2] Plaintiff also filed a petition for writ of certiorari to the United States Supreme Court, which was denied on October 2, 2023. *See Thorpe v. Cipparulo*, 144 S. Ct. 124 (2023).

*id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e) empowers the District Court to dismiss an IFP complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

The District Court engages in a two-step analysis when considering a complaint filed with an IFP application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

### III. DISCUSSION

#### A. *In Forma Pauperis* Application

The IFP statute requires a plaintiff to submit "an affidavit stating all income and assets" and "the plaintiff's inability to pay the filing fee." *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (citing § 1915(a) and *Glenn v. Hayman*, No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007)). In the IFP application, the plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (citing *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)). Plaintiff's IFP application here has established her inability to pay the filing fee, as the application states that Plaintiff has a monthly income of only $2,720 and financial assets worth only several hundred dollars but several thousand dollars in monthly expenses. (ECF No. 1-1.) Therefore, Plaintiff's IFP application is **GRANTED**.

3

### B. Complaint Screening

Even if the Court denies the IFP application, the Court still has discretion to review the merits of an IFP complaint. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (citing 10 James Wm. Moore et al., Moore's Federal Practice § 54.104(1)(a) (3d ed. 2019)). The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Plaintiff's Complaint fails to state a claim for two reasons.

First, Plaintiff's federal claim is barred by *res judicata*. A federal court considering whether to give preclusive effect to a state court judgment applies that state's law. *See Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 357 (3d Cir. 1999). New Jersey's version of the *res judicata* doctrine requires that "(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." *McNeil v. Legislative Apportionment Comm'n*, 828 A.2d 840, 859 (N.J. 2003) (quoting *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 599 (N.J. 1991)).

Each element is satisfied here. *First*, the Complaint lays out in careful detail the prior proceedings, in which the state trial court dismissed Plaintiff's claims on the merits. The Complaint quotes the Appellate Division's decision that the dismissal was based on a finding that Defendants did not represent Plaintiff and therefore could not be liable for legal malpractice. (Compl. ¶¶ 25–

26.)[3] Dismissal of a complaint on summary judgment grounds is a decision on the merits. *McLaughlin v. Bd. of Trs. of Nat'l Elevator Indust. Health Benefit Plan*, 686 F. App'x 118, 121 (3d Cir. 2017) (grant of summary judgment "constitutes a final judgment on the merits for the purposes of res judicata" (citation omitted)). *Second*, the parties in the state and federal actions—Plaintiff and Defendants Rosemarie Cipparulo and her firm Weissman & Mintz, LLC—are identical. (Compl. ¶ 20.) *Third*, the claims in the two actions relate to the same legal malpractice claims. Plaintiff states that the claims brought in her state action against her alleged former attorneys include "professional negligence, legal malpractice, breach of contract, breach of fiduciary duty, fraud and/or other causes of action allowed by law." (*Id.*) The claims in Plaintiff's federal action, although not clearly stated, turn on "Defendants negligent representation" of Plaintiff through which she allegedly "suffered irreparable harm." (*Id.* at 4.) Therefore, Plaintiff's claims are barred by *res judicata*.

Second, Plaintiff's Complaint must be dismissed because this Court lacks jurisdiction under the *Rooker-Feldman* doctrine, which holds that a federal district court lacks subject matter jurisdiction to review state court judgments where a federal plaintiff "essentially appeals from state-court judgments." *Vuyanich v. Smithton Borough*, 5 F.4th 379, 384–85 (3d Cir. 2021) (quoting *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)). Courts in this Circuit apply a four-prong test to determine whether the *Rooker-Feldman* doctrine bars a claim, asking whether "(1) the federal plaintiff lost in state court; (2) the plaintiff complains

---

[3] The Appellate Division's decision, which contains more detail than the Complaint's allegations, confirms that the trial court's dismissal and appellate court's affirmance were both on the merits. *See Thorpe v. Cipparulo*, No. A-0418-20, 2022 WL 1553713, at *3 (N.J. Super. Ct. App. Div. May 17, 2022). Even if the decisions from the prior proceedings were not quoted in the Complaint, they would still properly be relied on to determine whether *res judicata* barred Plaintiff's federal claims. *See Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) (per curiam) (*res judicata* defense "may be raised and adjudicated on a motion to dismiss and the court can take judicial notice of all facts necessary for the decision").

of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 385 (quoting *Great W. Mining*, 615 F.3d at 166).

Plaintiff's claims meet all four prongs. *First*, Plaintiff lost in state court. The state trial court dismissed Plaintiff's claim, the state appellate court affirmed the dismissal, and the state's highest court denied Plaintiff's petition for certification. (Compl. ¶ 21.) *Second*, Plaintiff complains of injuries caused by the state court judgments. The Complaint lists no cause of action against the named Defendants directly, and instead repeatedly seeks this Court to review the findings of fact and conclusions of law by the state trial court. (*Id.* ¶ 23, 25, 34, 38, 40.)[4] *Third*, the challenged state judgments were rendered before the federal suit was filed. The state trial decision was issued in July 2020, the state appellate court's decision was issued in May 2022, and the New Jersey Supreme Court denied the petition for certification in January 20203. (*Id.* ¶ 21.) Plaintiff's federal suit was not filed until July 2023. *Finally*, Plaintiff repeatedly invites this federal court to review and reject the state judgments. (*Id.* ¶ 25 ("Plaintiff respectfully asks that this honorable Court review the inadequate and/or faulty reasoning underlying this conclusion, as detailed below."); *id.* ¶ 34 ("[T]his contradiction [in the state court's decision] cannot go ignored or without review."); *id.* ¶ 38 ("Plaintiff hereby respectfully requests that the decision be reviewed."); *id.* ¶ 40 ("I have shown that [the state decision] contained clear errors of fact including, but not limited to, in not recognizing a cause of action is suggested by the facts offered. Review of my case is justified

---

[4] The Court considers whether "the source of [Plaintiff's] injury" alleged in the complaint is Defendant attorneys' actions which the state court "ratified, acquiesced in, or left unpunished," rather than the New Jersey courts' decisions themselves. *See Great W. Mining*, 615 F.3d at 167. However, in light of the Complaint's omission of any claim against Defendants and its clear, repeated requests for this Court to review the state court's decision, the Court concludes that Plaintiff's federal lawsuit is based on the theory that the state court's decisions were themselves the source of her harm.

and necessary to provide an objective judicial review . . . .").) Therefore, the Court lacks jurisdiction over Plaintiff's federal Complaint, and it must be dismissed.

The Complaint claims this Court's jurisdiction under 28 U.S.C. § 1257(a). (Compl. ¶ 8.) That statute states that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed *by the Supreme Court* by writ of certiorari" when the petition seeks review on certain specified grounds. 28 U.S.C. § 1257(a) (emphasis added). The *Rooker-Feldman* doctrine, discussed above, is based on this statute, which courts read to mean "by negative implication [that] the inferior federal courts lack subject matter jurisdiction to review judgments of those courts." *E.B. v. Verniero*, 119 F.3d 1077, 1090 (3d Cir. 1997). Putting aside the question of whether Plaintiff has alleged any of the permissible statutory grounds for review, it is clear that section 1257(a) could only permit Plaintiff to seek the United States Supreme Court to review the New Jersey Supreme Court's denial of her petition for certification in the matter. Section 1257(a) offers no jurisdictional basis for this Court to review the lower New Jersey courts' decisions.

Therefore, Plaintiff's Complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e).[5]

---

[5] The Court has considered whether dismissal without prejudice is appropriate in this matter. However, in light of the clear nature of the relief Plaintiff seeks from the Court—review of the state court's final decision in a prior matter involving identical claims and parties—the Court concludes that Plaintiff will not be able to amend her complaint to state a claim that is not precluded by *res judicata* and that this Court may exercise subject matter jurisdiction over. See *Perez v. Seterus, Inc.*, No. 17-5862, 2018 WL 534159, at *3 (D.N.J. Jan. 24, 2018) (collecting cases for the proposition that dismissal with prejudice appropriate where court lacks subject matter jurisdiction). Therefore, dismissal will be with prejudice.

7

**IT IS** on this 29th day of February, 2024, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**;

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e);

3. The Clerk's Office is directed to **CLOSE** this matter;

4. The Clerk's Office shall serve on Plaintiff by regular U.S. mail this Memorandum Order to her address of record.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**