UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JUDY THORPE,

    Plaintiff,

    v.

ROSEMARIE CIPPARULO, ESQ.,
WEISSMAN & MINTZ, LLC,

    Defendants.

Civil Action No. 23-3590 (RK) (RLS)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon *pro se* Plaintiff Judy Thorpe's ("Plaintiff") Motion for Reconsideration, (ECF No. 4), of the Court's February 29, 2024 Memorandum Order granting her application to proceed *in forma pauperis* and dismissing her Complaint with prejudice ("IFP Order"), (ECF No. 3). Simultaneous with her Motion for Reconsideration, Plaintiff filed a "Motion for Leave to Appeal" the IFP Order, (ECF No. 5), and a Notice of Appeal of the IFP Order, (ECF No. 6). Plaintiff's appeal was docketed before the Third Circuit Court of Appeals with Case Number 24-1546 on March 28, 2024, (ECF No. 7), and on April 9, 2024, the Court of Appeals stayed the appeal pending this Court's decision on Plaintiff's timely Motion for Reconsideration, (ECF No. 8). In light of the Third Circuit's stay decision, the Court will therefore consider Plaintiff's Motion for Reconsideration of the IFP Order.

    Pursuant to Local Civil Rule 7.1(i), a party may move for reconsideration within fourteen (14) days of an entry of order or judgment on the original motion. Reconsideration is an "extraordinary remedy" to be granted "sparingly." *United States v. Coburn*, No. 19-120, 2022 WL 874458, at *2 (D.N.J. Mar. 23, 2022) (citation omitted). To succeed on a motion for reconsideration, a movant must show "(1) an intervening change in the controlling law; (2) new

evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or prevent manifest injustice." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 190 (3d Cir. 2020) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). The party seeking reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i).

*Pro se* Plaintiff's Motion for Reconsideration does not point to any "clear error of law" or a need to "prevent manifest injustice" presented by the Court's prior IFP Order. Plaintiff recites the standard the Court applies on reconsideration and argues in full:

> I provided clear and convincing evidence by way of attached (exhibits). I am simpl[y] requesting that the record is corrected by way of injunction . . . . Moreover, the basis for Plaintiffs Motion for Reconsideration includes but is not limited to, based on probative and competent evidence in the record. In addition, there is indeed a need to correct a clear error of law or fact to prevent injustice.

(ECF No. 4 (emphasis omitted).)

Even accounting for Plaintiff's *pro se* status, the Court is unable to discern from Plaintiff's filing any basis for the Court to alter the conclusions of the IFP Order. As recounted in the challenged IFP Order, Plaintiff sued Defendants Rosemarie Cipparulo and Weissman & Mintz, LLC for legal malpractice in New Jersey state court, where Plaintiff's suit was dismissed on summary judgment, the dismissal was affirmed by the New Jersey Superior Court Appellate Division, and the New Jersey Supreme Court denied Plaintiff's petition for certification. (ECF No. 3 at 1–2.) Plaintiff's federal suit is premised on "irregularities and oversights" and "inadequate and/or faulty reasoning" in the state court proceedings, which Plaintiff seeks this Court to review. (*Id.* at 3 (quoting Compl. ¶¶ 22, 25, ECF No. 1).) Therefore, as explained previously, Plaintiff's federal suit is barred by *res judicata*, (*id.* at 4–5), as well as the *Rooker-Feldman* doctrine, (*id.* at 5–7). The Court also finds no basis to alter its conclusion that Plaintiff has not identified any basis

for the Court to exercise subject matter jurisdiction over her claims, since the only identified source of jurisdiction—28 U.S.C. § 1257(a)—is inapplicable on its face to Plaintiff's claims. (*Id.* at 7.)[1]

**IT IS** on this 9th day of April, 2024, **ORDERED** that:

1. The Clerk's Office is directed to **REOPEN** this matter for a decision on Plaintiff's Motion for Reconsideration (ECF No. 4);

2. Plaintiff's Motion for Reconsideration (ECF No. 4) is **DENIED** for the reasons set forth above;

3. Plaintiff's Motion for Leave to Appeal (ECF No. 5) is **DENIED** as moot in light of Plaintiff's filing of a Notice of Appeal (ECF No. 6) and the Third Circuit's docketing of the appeal (ECF No. 7);

4. The Clerk's Office is directed to **TERMINATE** the motions pending at ECF Nos. 4 and 5;

5. The Clerk's Office is directed to **CLOSE** this matter;

6. The Clerk's Office shall serve on Plaintiff by regular U.S. mail this Memorandum Order to her address of record.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court also considered whether dismissal without prejudice was warranted. The Court determined that in light of the clarity of the relief Plaintiff requested from this Court—which the Court is unable to afford for multiple reasons—and the evident lack of jurisdiction over the matter, dismissal with prejudice was required because Plaintiff had no avenue available to remedy the defects the Court identified in her Complaint. (ECF No. 3 at 7 n.5.)